# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MARKALE IAN LUNDY,

       Petitioner,   :   Case No. 2:24-cv-3806

  - vs -                              District Judge Michael H. Watson
                                          Magistrate Judge Michael R. Merz

WARDEN, Southern Ohio
 Correctional Facility

                                        :
       Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus action brought *pro se* by Petitioner Lundy under 28 U.S.C. § 2254. Petitioner seeks relief from his conviction in the Franklin County Court of Common Pleas on charges of aggravated robbery, aggravated burglary, kidnapping, attempted murder, and felonious assault (Petition, ECF No. 1). On Order of Magistrate Judge Stephanie K. Bowman (ECF No. 6), Respondent has filed the State Court Record (ECF No. 10) and a Return of Writ (ECF No. 11) and Petitioner has filed a Reply (ECF No. 12), making the case ripe for a decision. The Magistrate Judge reference in the case has been transferred to the undersigned to help balance the Magistrate Judge workload in this District (ECF No. 13).

1

**Litigation History**

In August 2012, Petitioner was indicted on one count of aggravated burglary, in violation of Ohio Revised Code § 2911.11; two counts of kidnapping, in violation of Ohio Revised Code § 2905.01; two counts of aggravated robbery, in violation of Ohio Revised Code § 2911.01; one count of attempted murder, in violation of Ohio Revised Code § 2923.02; and one count of felonious assault, in violation of Ohio Revised Code § 2903.11 (Indictment, State Court Record, ECF No. 10, Ex. 1).  On November 22, 2013, the trial jury found Petitioner guilty on all counts and he was sentenced to twenty-two years imprisonment (Judgment, State Court Record, ECF No. 10, Ex. 4).

Lundy appealed to the Ohio Tenth District Court of Appeals, raising as his sole assignment of error that his conviction was against the manifest weight of the evidence.  On September 11, 2014, the Tenth District affirmed the conviction. *Id.* at Ex. 15.  Lundy appealed to the Supreme Court of Ohio which declined to exercise appellate jurisdiction on March 25, 2015. *Id.* at Ex. 19.

In 2022 Lundy was granted leave to file a third motion for new trial.  However, on January 20, 2022, the trial court granted Lundy's motion to dismiss the new trial motion without prejudice (Entry, State Court Record, ECF No. 10, Ex. 50).

Lundy executed his Petition on July 11, 2024, but does not indicate when it was mailed to the Court.  It was received and docketed in the Northern District of Ohio on July 30, 2024, and later transferred here. Lundy pleads the following grounds for relief:

> **Ground One**: Actual Innocence/Insufficient Evidence
>
> **Supporting Facts:** I was convicted based on the testimony of Amoreena Pauley. State's D.N.A. expert. The state used this expert to explain to the jury how and why my D.N.A. was at the crime

2

scene. After the trial the Columbus Crime Lab admitted they erred in my D.N.A. results.

**Ground Two** Ineffective Assistance of Appellate Counsel

**Supporting Facts:** My Appellate Counsel was ineffective because he failed to explain the significance in the new DNA results from the Columbus Crime Lab. My appellate counsel was my trial counsel so he knew that the motion he was filing wasn't new evidence, which is why the motion was only two pages, and four paragraphs long.

**Ground Three**: Improperly Instructing the Jury

**Supporting Facts:** The State rejected the jury's request to read the statement of the State's witness. When in fact the State used the statement as material during trial. The jury had doubts because of the State's witness inconsistencies.

**Ground Four**: Ineffective Assistance of [Trial] Counsel

**Supporting Facts:** My trial counsel failed to investigate potential evidence that would have helped show the jury of my innocence. My trial counsel also failed to present crucial D.N.A. evidence, that he himself discovered.

**Ground Five**: Prosecutorial Misconduct

**Supporting Facts:** 1) Eliciting false testimony, 2) False and misleading DNA evidence.

(Petition, ECF No. 1).

**Statute of Limitations**

Respondent asserts Lundy's Petition is barred by the one-year statute of limitations codified at 28 U.S.C. § 2244(d).  Lundy concedes his Petition is untimely filed, but claims his actual innocence excuses his delay.  He asserts:

3

> I have always maintained my innocence and I am actually innocent of these crimes. i acknowledge that my habeas corpus petition is late, but my conviction was based on an unreasonable determination of the facts in light of the evidence presented at my trial. Also I will produce new evidence sufficient to persuade this district court that no juror, acting reasonably, would have voted to find me guilty beyond a reasonable doubt. I support my constitutional error with new reliable exculpatory scientific evidence. For these reasons I should not be barred from proceeding with my petition, and pray that I am granted the gateway.

*Id.* at PageID 13-14. Lundy identifies this new evidence as follows:

> CERTIFIED COPIES IN SUPPORT OF GROUND Of\JE.
> 1 ). State's DNA expert, Amoreena P••s testimony at trial.
> 2). State's prosecutor, Jennifer Rausch in her closing argument.
> 3). Columbus Police Department Laboratory revised DNA results.

*Id.* at PageID 27. Respondent asserts this new evidence does not satisfy Supreme Court standards for proof of actual innocence (Return, ECF No. 11, PageID 973, *et seq.*). In his Reply, Lundy asserts that the trial prosecutor submitted DNA evidence which "convinced the jury of guilt," "[t]he jury found me guilty because of this evidence. . . ," and "[t]he jury made their decision based on that evidence." (ECF No. 12, PageID 995).

Petitioner first presented this new evidence to the state courts with his motion for leave to file a motion for new trial (State Court Record, where his counsel wrote "The Columbus Police Department has been reviewing cases with DNA results from 2009-2013, and updating counsel as to changes in those prior reports." (ECF No. 10, Ex. 20, PageID 125-26). The trial court denied leave to file a delayed motion for new trial, holding

> The Court finds that a change in CPD's DNA reporting policy is not "newly discovered evidence." Defendant had the original CPD DNA analysis report prior to his trial. Defendant could have, in the exercise of due diligence, retained an expert to discuss any flaws that could have existed CPD's DNA reporting procedure for his trial. Furthermore, the Court cannot find that the newly discovered evidence discloses any possibility that the outcome of a new trial

4

> would be different from the first trial because the DNA results are not contested.

(Entry, State Court Record, ECF No. 10, Ex. 22, PageID 133). Petitioner did not appeal that decision, but filed a new motion for leave to file a motion for new trial on October 16, 2017. *Id.* at Ex. 23. The trial court denied that motion July 2, 2019. *Id.* at Ex. 26. Lundy appealed, but the Tenth District Court of Appeals affirmed. *Id.* at Ex. 31. This time the evidence was from Derrick Watson, a person confined with Petitioner, who averred that he had witnessed the stabbing of Andrea Newman and it was not Lundy who did it. *Id.* at PageID 302. The appellate court found Lundy had learned of Watson's evidence in May, 2015, but had not filed for a new trial for more than two years after that. It noted that the trial court had not denied the motion based merely on the length of the delay in filing, but because Lundy had not offered a persuasive explanation of the reasons for the delay. *Id.* at PageID 304, *et seq*. It concluded the trial court did not abuse its discretion in denying the motion, citing a number of cases where leave to file had been denied with shorter delays than present here. *Id.* at PageID 306-07.

After the Ohio Supreme Court accepted appellate jurisdiction, the parties agreed to allow Lundy to file a motion for new trial (Joint Motion, State Court Record, ECF No. 10, Ex. 46). However the renewed motion was dismissed without prejudice some months after this case was filed and has not been renewed, so far as the record before this Court shows. *Id.* at Ex. 50.

Lundy points to no place in the record that supports his assertion that the changed interpretation of the DNA results proves his innocence. At the time he had counsel from the Ohio Innocence Project, their focus was on showing that he had filed for a new trial as promptly as possible after receiving the affidavit of the supposed eyewitness; on appeal from denial of the motion for leave to file they claimed the trial court abused its discretion by not allowing a trial on the basis of that alleged witness's account (Appellant's Brief, State Court Record, ECF No. 10,

5

Ex. 28, PageID 228). But Lundy no longer relies on Watson's Affidavit to prove his actual innocence, but merely on the changed interpretation of the DNA results.

Lundy's argument fails to persuade the Magistrate Judge that he is actually innocent. The revised report from the DNA lab does not say he cannot be excluded. But if the DNA evidence is all put to one side, there is ample evidence of Lundy's guilt. The Tenth District Court of Appeals found that Lundy and the victim, Andrea Newman, had met in March 2012 and had seen one another a number of times thereafter up until the time the crime was committed (Decision, State Court Record, ECF No. 10, Ex. 15 at PageID 90, *et seq.*) She described efforts by Lundy during the crime to eliminate DNA samples from places where it might have been found, including under her fingernails. This is plainly not a case of a victim of violent crime misidentifying a stranger. (Compare, BRANDON L. GARRETT, CONVICTING THE INNOCENT: WHERE CRIMINAL PROSECUTIONS GO WRONG (2012)).

In overruling Lundy's manifest weight of the evidence assignment of error on direct appeal, the Tenth District gave some weight to the DNA evidence which was presented (Decision, State Court Record, ECF No. 10, Ex. 15 at PageID 95). Taking that evidence out of the equation, the remaining evidence was certainly sufficient to convict. That is, a rational juror could have reasonably found that the eyewitness testimony of Newman and Hayes was persuasive beyond a reasonable doubt.

The controlling precedent on the actual innocence gateway is now the Supreme Court's decision in *McQuiggin v. Perkins,* 569 U.S. 383 (2013).

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in

6

> light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808; see *House*, 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U. S., at 332, 115 S. Ct. 851, 130 L. Ed. 2d. 808.

*Id.* at 386-87 (2013). Applying *McQuiggin*, the Magistrate Judge remains unpersuaded that Lundy has proved his actual innocence to the level required.

Without the actual innocence gateway, Lundy is plainly untimely in his filing. Under 28 U.S.C. § 2244(d)(1)(A), a habeas corpus petition must be filed within one year after a conviction becomes final on direct appeal. The Ohio Supreme declined jurisdiction on direct appeal on March 25, 2015. He did not seek a writ of certiorari from the Supreme Court and his time to do so expired June 23, 2015. The statute of limitations began to run on that date and expired one year later on June 23, 2016. The Petition was not filed until July 11, 2024, more than eight years later. Therefore the Petition should be dismissed with prejudice as barred by the statute of limitations.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not

7

be permitted to proceed *in forma pauperis*.

July 11, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.